```
                                                              FILED
                                                       UNITED STATES DISTRICT COURT
                                                           DENVER, COLORADO
```

IN THE UNITED STATES DISTRICT COURT  MAY 0 5 2011
FOR THE DISTRICT OF COLORADO

GREGORY C. LANGHAM
Civil Action No. 11-cv-00563-BNB                              CLERK

LATASIA HOLLIS,

    Plaintiff,

v.

EXECUTIVE DIRECTOR TOM CLEMENTS, and
PAROLE OFFICER MORRIS,

    Defendants.

## ORDER OF DISMISSAL

Plaintiff, Latasia Hollis, is a Colorado Department of Corrections inmate and is incarcerated at the Denver Women's Correctional Facility. She has filed *pro se* a Prisoner Complaint pursuant to 42 U.S.C. § 1983.

In a March 11, 2011 Order, Magistrate Judge Boyd N. Boland directed Ms. Hollis to cure a deficiency in her Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915. Ms. Hollis was instructed to file a certified copy of her prisoner's trust fund statement for the six-month period immediately preceding her filing, certified by an appropriate official of her penal institution. Ms. Hollis was further advised that, in lieu of filing a proper § 1915 Motion and Affidavit, she could pay the $350.00 filing fee. Ms. Hollis was directed to cure the deficiency within thirty (30) days from the March 11 Order, or the Complaint and action would be dismissed without prejudice and without further notice.

In response to the March 11 Order, Ms. Hollis submitted a letter to the court, dated March 20, 2011 (Doc. No. 4), stating that she is able to submit a trust fund

statement for the preceding month only, not the preceding six months. However, Plaintiff did not submit an account statement with her March 20 letter. Moreover, the account statement Ms. Hollis submitted to the Court originally dates back to January 1, 2011. Nonetheless, in a March 28, 2011 Minute Order, Magistrate Judge Boland granted Ms. Hollis thirty (30) additional days to either file an account statement **certified** by an appropriate official of the Plaintiff's penal institution **for the preceding six months** or to present written documentation demonstrating cause as to why she was unable to comply with the March 11 Order. The March 28 Minute Order warned Ms. Hollis that failure to comply with the Minute Order within the time allowed would result in the dismissal of the instant action without prejudice.

On April 18, 2011, Ms. Hollis submitted to the Court a copy of her prisoner account statement for the period February 1, 2011 through March 11, 2011. The statement is not certified by an official from her penal institution. Ms. Hollis has not provided any documentation to explain why the account statement is not certified, or why it includes a two-month period only. Ms. Hollis has therefore failed to comply with the Court's March 11 Order and March 28 Minute Order. Plaintiff has not paid the $350.00 filing fee in the alternative. Accordingly, it is

ORDERED that the action is dismissed without prejudice for Plaintiff Latasia Hollis's failure to comply with the Court's Orders dated March 11 and March 28, 2011.

DATED at Denver, Colorado, this __5th__ day of ____May____, 2011.

BY THE COURT:

s/Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 11-cv-00563-BNB

Latasia Hollis
Prisoner No. 136253
Denver Women's Correctional Facility
PO Box 392005
Denver, CO 80239

    I hereby certify that I have mailed a copy of the **ORDER and JUDGMENT** to the above-named individuals on May 5, 2011.

GREGORY C. LANGHAM, CLERK

By: _____
        Deputy Clerk